IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOM G. HEATH and ELAINE HEATH, ) ) ) Appellants, ) ) vs. ) ) U.S. MORTAGE, LLC, *successor in* ) *interest to* OLD NATIONAL BANK, ) ) Appellee, ) ) and ) ) U.S. BANKRUPTCY CLERK, ) *interested party.* ) | Case No. 05-cv-0138-MJR Consolidated with Case No. 05-cv-0139-MJR |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

Now before the Court is a consolidated appeal from two Orders entered by United States Bankruptcy Judge Gerald R. Fines in the Bankruptcy Court for the Southern District of Illinois (Case # 02-60597 ( "bankr. case")).  Both Orders were entered December 7, 2004.  In the first Order, Judge Fines ratified his earlier Order (entered August 19, 2003) finding that Appellants Tom and Elaine Heath ("Heaths") were  liable to Old National Bank ("ONB") – present Appellee U.S. Mortgage's predecessor in interest – for late fees in the amount of $32,606.47 and attorney's fees in the amount of $10,000 (*See* Doc. 149, bankr. case).  In the second Order, Judge Fines awarded additional attorney's fees to ONB in the amount of $14,028.54 (Doc. 151, bankr. case). On February 24, 2006 this Court heard oral argument on these issues.

1

## Factual and Procedure History

Tom Heath is a farmer who operated a grain and beef farm in rural Lawrence and Richland Counties, Illinois. Elaine Heath, Tom Heath's wife, is a supervising nurse at Lawrence Community Healthcare Center. Old National Bank ("ONB"), in Lawrenceville, Illinois, previously loaned the Heaths and their corporation money on various promissory notes to finance the Heaths' farming operation. At issue in this litigation is a $600,000 promissory note at 9 ½ % interest per annum that the Heaths' secured to ONB by a real estate mortgage and security agreements creating liens on the Heaths' inventory of crops, livestock, equipment, etc. The promissory note allowed ONB to receive late fees and payment of attorney's fees and expenses.

The Heaths filed a Chapter 12 farm bankruptcy petition in the Bankruptcy Court on June 22, 2002, in the middle of planting season. ONB, as a secured creditor of the Heaths, filed a total claim due of $682,423.55 against the Heaths. On September 20, 2002, the Heaths filed a Chapter 12 reorganization plan that provided that ONB's loan was to be paid over a period of 30 years at an interest rate of 6.75%, but did not address attorney's fees or late fees. ONB filed an objection to this plan. The Heaths then requested and were granted leave to file an amended plan.

On December 8, 2002, the Heaths filed their first amended Chapter 12 plan of reorganization.  ONB objected to the amended plan's confirmation.  However, after holding a hearing on this matter, the Bankruptcy Court confirmed a modified version of that plan on March 12, 2003.  At that hearing, Judge Fines modified the amended plan by protecting ONB's liens and increasing ONB's interest rates on its loan.  Section 5.02 of the Heaths' confirmed first amended Chapter 12 reorganization plan provided for the treatment of ONB's claim as follows:

> The principal and interest due on the Claim as of the petition date
> was $641,817.08.  Substantiated late fees and reasonable attorney's

2

> fees recoverable under the governing loan documentation shall also be added to this amount to arrive at the Claim Balance. In the event the parties cannot agree as to the amount of the late fees and reasonable attorney's fees to be added to the Claim, the Court shall decide same after notice and hearing. The Claim Balance shall be paid over a thirty year period amortized at an interest rate of 6.83%. The first annual payment of approximately $53,000.00 shall be due on or before March 31, 2003, and subsequent payments shall be made at least annually thereafter.

ONB submitted affidavits detailing their attorney's fees to Heath's attorney, but the Heaths and ONB were unable to agree on the amount of late fees and attorney's fees to add to the claim. Thereafter, on June 24, 2003, ONB filed a "Petition for Order Declaring Payment Amount," asking that the Bankruptcy Court enter an order setting the annual payment on its Class 2 claim at $54,024.37 and seeking a determination of attorney's fees and late fees. The Heaths filed a written objection to ONB's petition on July 7, 2003, requesting that the Bankruptcy Court declare the annual payment amount to be $50,841.29. In addition, the Heaths argued that ONB's petition was premature to the extent it sought to determine the amount of late fees and attorney's fees to be added to ONB's claim.

A hearing on ONB's petition and the Heaths' objection was held on August 8, 2003. At the hearing, ONB argued that their original claim totaled $682,423.55, which included the original claim as of the petition date of $641,817.08, plus $32,606.47 in late fees and $8,000 in attorney's fees. The late fees were calculated by ONB as follows, based on the promissory note's provision that a late charge of 5% of the regularly scheduled payment will be applied if payment is 10 days or more late: (1) a $3,253.75 five percent late fee resulting from the Heaths' missed April 15, 2001 payment of $65,074.90, and (2) a $32,606.47 five percent late fee resulting from the Heaths' missed April 15, 2002 balloon payment of $587,054.41, which was the balance due on the

note.

Following the hearing, ONB filed an amended claim, claiming a total balance of $689,337, which reflected its claim of an increase in attorney's fees to the amount of $14,913.45. The Heaths still objected, arguing that ONB's claim should be limited to the principal and interest due at the time of their Chapter 12 bankruptcy petition filing, which amounts to $641,817.08.

The Bankruptcy Court issued a written opinion on ONB's petition on August 19, 2003, setting the Heaths' total payment due to ONB at $684,423.55. That amount includes the principal and interest due to ONB on the Heath's filing date of $641,817.08, late fees in the amount of $32,606.47, and attorney's fees in the amount of $10,000.00.

The Bankruptcy Court concluded that after reviewing the record of the Heaths' bankruptcy proceeding, the first amended Chapter 12 reorganization plan, and the Order confirming that plan, that it was clear that the reorganization plan contemplated that reasonable late fees and attorney's fees could be added to the principal and interest due on ONB's claim. Additionally, the Bankruptcy Court stated that the law is clear that as an over-secured creditor supported by its loan documentation, ONB is entitled to recovery of reasonable late fees and attorney's fees. The Bankruptcy Court further held that ONB's loan documentation supported its request of $32,606.47 in late fees. In awarding attorney's fees, the Bankruptcy Court carefully reviewed the fee itemization submitted by ONB's attorneys to determine if the fees sought were reasonable under **11 U.S.C. § 506** and relevant case law. The Court concluded it could not award $14,913.45 in fees as asked for by ONB's attorneys, but that $10,000 was a reasonable amount.

### *The Heaths' First Appeal*

In September 2003, the Heaths appealed the bankruptcy Court's Order to this Court (Case # 03-0612). This Court heard arguments on that appeal on April 12, 2004 (*See* Doc. 6 in Case # 03-0612). In that appeal, six issues were raised, including the three issues this Court considers in the present appeal.

On that first appeal, however, this Court did not reach those issues now before it. After hearing oral argument, this Court remanded the case on the separate but related issue of whether the bankruptcy court's award of attorney fees and late fees to ONB was supported by the evidence in the record. This Court remanded the case because Judge Fines' order was based on documents that were faxed to Judge Fines' chambers but were not made part of the record; therefore, this Court could not review them. In that Order, this Court stated:

> "[A]ter reviewing the Bankruptcy Court's August 19, 2003 Order, it is quite clear the Bankruptcy Court carefully reviewed those documents, took them under thoughtful consideration, which leads this Court to believe that if it had those documents in front of it, and they do in fact contain the information Judge Fines relies on, then this Court would affirm Judge Fines's decision. Therefore, while it pains this Court to continue litigation of this matter, it remands this matter to the Bankruptcy Court for development of the record as to what information and documentation the Bankruptcy Court used to determine attorney's fees and late fees, and for a redetermination of the appropriate amount of attorney's fees and late fees."

(*See* Doc. 10, Case # 03-0612, pp. 7-8) (emphasis omitted).

As to the three issues raised in the present appeal, this Court stated: "As the Court is remanding this matter to the Bankruptcy Court for development of the record and redetermination of late fees, the Court need not address these issues at this time." (*Id.* at p. 8).

### *The Case on Remand*

5

On remand, Judge Fines ratified his Order of August 19, 2003 by way of an Order entered December 7, 2004 (*See* Doc. 149, bankr. case).  On that same day, Judge Fines also entered an Order (Doc. 151) awarding additional attorney's fees to U.S. Mortgage, (the successor in interest of ONB and subsequent holder of the Class 2 Claim)[1] in the amount of $14,028.54.

Tom and Elaine Heath filed a Motion to Amend those Orders, pursuant to the authority of **FEDERAL RULES OF BANKRUPTCY PROCEDURE RULE 9023** (Doc. 153).  That motion was denied by Judge Fines on January 21, 2005 (Doc. 160).

### *The Present Appeal*

As mentioned, Tom and Elaine Heath again have appealed Judge Fines' earlier determinations, as well as Fines' most recent award of additional attorney's fees. Notices of Appeal were timely filed as to each Order on January 29, 2005 (Docs. 161 and 162, bankr. case).

In this appeal, Tom and Elaine Heath seek a reversal of Judge Fines' award of attorney's fees to U.S. Mortgage on the basis that they were unreasonable under **11 U.S.C. § 506(b)**. Tom and Elaine Heath further seek a reversal of Judge Fines' award of late fees on the basis that the fees were: (a) an unenforceable penalty under Illinois law, and/or (b) unreasonable under **11 U.S.C. § 506(b)**.

## **Applicable Standards of Review**

---

[1] Subsequent to the entry of these orders, the original Class 2 Claimant, Old National Bank, assigned the claim to U.S. Mortgage, L.L.C. A Motion to substitute U.S. Mortgage, L.L.C. as the party in interest to this cause was granted by Judge Fines on January 21, 2005 (Doc. 160).

This Court has jurisdiction over bankruptcy appeals pursuant to **28 U.S.C. § 158(a)**. This Court may affirm, modify, or reverse the bankruptcy judge's judgment, order, or decree, or it may remand with instructions for further proceedings in accordance with the standards that follow. *See* **FED. R. BANKR. P. 8013.**

The legal conclusions of a Bankruptcy Court are reviewed on appeal "*de novo.*" **Id.** Under a *de novo* standard, the reviewing court independently examines the law and draws its own conclusions after applying the law to the facts without regard to the decision of the bankruptcy court. ***Reliance Insurance Co. v. Enstar Group, Inc.*, 192 B.R. 579 (Bankr. M.D.Ala. 1996).**

The factual findings of a Bankruptcy Court, on the other hand, are reviewed on appeal on a "clearly erroneous" basis. ***In re: Excalibur Automobile Corp.*, 859 F.2d 454 (7th Cir. 1988); FED. R. BANKR. P. 8013.** According to **RULE 8013**: "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous," and "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." **FED. R. BANKR. P. 8013;** *Goulet v. Educ. Credit Mgmt. Corp.*, **284 F.3d 773, 778 (7th Cir. 2002);** *In re Kruger,* **192 F.3d 733, 737 (7th Cir. 1999).** A factual finding is not clearly erroneous unless the reviewing court, having considered the entire body of evidence, is left with the definite and firm conviction that a mistake had been committed. ***In re Pearson Bros. Co.*, 787 F.2d 1157, 1161 (7th Cir. 1986).**

## Analysis

The Heaths raise the following points on appeal:

>**A.** Whether the attorney's fees awarded on the Class 2 Claim were reasonable as required by **11 U.S.C. § 506(b);**
>
>**B.** Whether the late fees charged on the Class 2 Claim constitute an unenforceable penalty under Illinois law;
>
>**C.** Whether the late fees awarded on the Class 2 Claim were reasonable as required by **11 U.S.C.A. § 506(b).**

**Issue One:** *Whether the attorney's fees awarded on the Class 2 Claim were reasonable as required by 11 U.S.C. § 506(b)?*

U.S. Mortgage is correct in its assertion that "the reasonableness of attorney's fees is a question of fact." ***Matter of Lee,* 884 F.2d 897, 899 (5th Cir. 1989).** Nonetheless, the Heaths urge this Court to consider this question as one of law, and to apply a *de novo* standard of review. For support, the Heaths cite a solitary statement in the bankruptcy court's opinion stating that "the material facts in this matter are not in serious dispute," (*See* Doc. 9, p. 9) and argue that this statement makes Judge Fine's analysis legal, and subject to *de novo* review.

The Heaths' argument is without merit. The intended application of Judge Fines' statement is vague and, nonetheless, the disputability of certain matters does not change the overriding nature of Judge Fines' inquiry. The Seventh Circuit has made clear that while the question as to whether a party is entitled to attorney's fees *at all* might be one of law, "factual matters underlying the fee award, *such as the fee amount* ... are reviewed for clear error." ***Palmetto Properties, Inc. v. County of Dupage,* 375 F.3d 542, 547 (7th Cir. 2004)(emphasis added).** Accordingly, this Court will not set aside Judge Fines' attorney's fees calculations unless those findings were "clearly erroneous." **FED. R. BANKR. P. 8013;** *Goulet,* **284 F.3d at 778.**

In this case, Judge Fines' calculations were completed after he conducted "a thorough review of the documentation submitted by the attorneys ... *and the record of [the underlying] proceeding*" (Doc. 101, bankr. case, pp. 3-4)(emphasis added).  As mentioned, on the Heaths' first appeal to this Court (Case # 03-0612), this Court was unable to review Judge Fines' determination with respect to attorney's fees, as the information upon which Judge Fines based his decision had not yet been made part of the record and was therefore unavailable to this Court.  That is no longer the case.  In ratifying his earlier award of legal fees, and in making his more recent award of additional legal fees, Judge Fines made sure to enter into the record the documentation upon which he based his calculations (*See* Docs. 144, 149, 151, bankr. case).

Having conducted its own careful review of the entire body of evidence now available to this Court, this Court cannot say that Judge Fines' attorney's fees calculations were "clearly erroneous."  The Court **FINDS** that the attorney's fees awarded by Judge Fines are reasonable pursuant to **11 U.S.C. § 506(b),** and **AFFIRMS** both of Judge Fines' awards of attorney's fees – the award in the amount of $10,000 and the award in the amount of $14,028.54.

**Issue Two:** *Whether the late fees charged on the Class 2 Claim constitute an unenforceable penalty under Illinois law.*

The question as to whether the late fees constitute an unenforceable penalty is one of law, that this Court must review *de novo*. ***Checkers Eight Ltd. Partnership v. Hawkins,* 241 F.3d 558, 562 (7th Cir. 2001)("whether a contractual provision is a penalty clause that is unenforceable under Illinois law is an issue of law that we review *de novo*"); *Penske Truck Leasing Co. v. Chemetco, Inc.*, 725 N.E.2d 13, 311 Ill.App.3d 447, 454 (Ill. 5th Dist. 2000)**

9

**("whether a contractual provision for damages is a valid liquidated damages provision or a penalty clause is a question of law").**

The late fees in this case arise from two separate assessments, the first being a 5% assessment on a $65,074.90 payment due but not paid on April 15, 2005. The second assessment arose from a 5% assessment on a $587,054.41 balloon payment which represented the entire balance then due on the note. The basis for these late fees is the promissory note which underlies U.S. Mortgage's claim, which states "[i]f a payment is 10 days or more late, Borrower will be charged 5.000% of the regularly scheduled payment" (Doc. 99, bankr. case, p.3). Notably, this cost-of-money provision clearly is not dependent on the length of the delay in payment and is simply a flat 5% levy.

Under Illinois law, in the situation now before the Court, a cost-of-money provision not dependent on the length of delay of repayment – one that is simply a flat percentage levy – cannot escape the "penalty" label. ***Garcia v. Canan,* 851 F.Supp. 327, 329 (Dist. N.D. Ill. 1994) (citing *United Order of American Bricklayers v. Thorleif Larsen & Sons*, 519 F.2d 331 (7th Cir. 1975).** Although U.S. Mortgage argues otherwise, this Court finds that the facts and policy concerns that the courts in *Garcia* and *United Order of American Bricklayers* were faced with are indistinguishable in any material respect from the facts and policy concerns now before this Court. Moreover, U.S. Mortgage has not presented to this Court any precedent to show that the provision that the Court now considers should *not* be considered a penalty under the facts and circumstances of the present matter. Accordingly, this Court **FINDS** that the late-fee provision in the promissory note in this case is a penalty, and is not enforceable under Illinois law.

**Issue Three:** *Whether the late fees awarded on the Class 2 Claim were reasonable as required by 11 U.S.C.A. § 506(b).*

**11 U.S.C. § 506(b)** states:

> **(b)** To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any *reasonable fees, costs, or charges provided for under the agreement or state statute* under which such claim arose.

**11 U.S.C. § 506(b)(emphasis added).**

Section **506(b)** specifically states that not only must fees be "reasonable," they must also be "provided for under the agreement or state statute under which such claim arose." ***Id.*** Clearly, then, **§ 506(b)** imposes *two* requirements for the collection of an additional charge by an over-secured creditor: (1) the charge must be reasonable, *and* (2) the charge must be provided for in the agreement or state statute under which such claim arose. ***See, e.g., Joseph F. Sanson Investment Co. v. 268 Limited,*** *789 F.2d 674, 676-78 (9th Cir. 1986)*.

As this Court has already determined, the late fees sought by U.S. Mortgage constitute an unenforceable penalty under Illinois law. Consequently, the Court finds that the late fees are not legally **"provided for"** under the terms of the underlying promissory note, the bankruptcy Court's Chapter 12 reorganization plan, or Illinois law. Therefore, this Court need not determine whether or to what extent a reasonable liquidated damages award may be allowable under **§ 506(b),** and the Court hereby **REVERSES** the bankruptcy Court's award of late fees in its entirety.

## Conclusion

For the foregoing reasons, this Court **AFFIRMS** those Orders entered by U.S. Bankruptcy Judge Gerald R. Fines on December 7, 2004 to the extent those Orders order the Heaths to pay a total of $24,028.54 in ***attorney's fees.*** The Court **REVERSES** Judge Fines' Orders to the extent that Judge Fines ordered the Heaths to pay U.S. Mortgage a total of $32,606.47 in ***late fees.***

**IT IS SO ORDERED.**

**DATED this 28th day of February, 2006.**

　　　　　　　　　　　　　　　　　　　　　　　　　**s/Michael J. Reagan**
　　　　　　　　　　　　　　　　　　　　　　　　　**MICHAEL J. REAGAN**
　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**